[No. 826.   Decided January 31, 1893.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM VAN CLEVE, *Appellant*.

### CRIMINAL LAW — LARCENY — AMENDMENT OF INFORMATION.

Where a defendant has been placed upon trial upon an information charging him with the larceny of "seventeen head of horses of the value of $700, being then and there the property of one Wm. Burbank," the name of the owner is a material allegation in the charge, and it is error for the court to allow the information to be amended by the substitution of the name "Walter" for "Wm."

*Appeal from Superior Court, Spokane County.*

*Thomas C. Griffitts*, and *Richard W. Nuzum*, for appellant.

The opinion of the court was delivered by

STILES, J.—Appellant was tried in the superior court of Spokane county on the 4th day of March, 1892, upon an information charging him with having stolen seventeen head of horses. The information filed and to which he pleaded "not guilty," charged that the horses were the property of "*Wm.*" Burbank. After the commencement of the trial the court allowed the prosecutor to amend the information by changing the name of Burbank from Wm. to "*Walter*." Among other exceptions, the appellant presents this ruling as error and seeks a reversal of the judgment.

It is conceded by the appellant that an information might be amended in this manner if the amendment went to matters of form merely and not to a material allegation. The question, then, is whether the change in the name of the party whose property is alleged to have been stolen is a material allegation.

The charging part of the information was that appellant

"did, unlawfully and feloniously, steal, take and drive away seventeen head of horses of the value of $700, being then and there the property of one Wm. (Walter) Burbank." As we read this charge, the only possible means that the appellant had of identifying the particular act with the commission of which he was charged, was by reference to the alleged ownership of the property. No distinguishing marks of the horses were given, and no place except the county of Spokane. Wm. Burbank might easily have been one person and Walter Burbank another, and each might have suffered the loss of horses by theft on or about the fifteenth of December, 1890. The charge of theft of the property of either could not be proven by evidence satisfying the jury of the theft of property of the other; and if in this case there had been no amendment of the information, the testimony showing that Walter Burbank's horses had been taken would have been such a material variation as would have defeated the prosecution. It must therefore follow that the amendment was unlawful, and the judgment must be reversed. *People v. Hughes*, 41 Cal. 235.

The vice of this sort of an amendment is made clear when reference is made to the statute which requires informations to be sworn to, that the defendant shall be arraigned, and that a certain time shall be allowed him to plead. Code Proc., §§ 1231, 1269 and 1271. This information was verified February 27, 1892. At the time it was amended no reverification was made; no arraignment was had, and no plea was entered.

The judgment is reversed, and the cause remanded to the superior court for further proceedings.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.