[No. 9110.   Department Two.   December 30, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. C. W. HAMSHAW, *Appellant*.[1]

CRIMINAL LAW—APPEAL FROM JUSTICE COURT—AMENDMENT OF COMPLAINT. Upon appeal from justice court in a criminal case, the superior court cannot allow an amended complaint to be filed, over objection by the accused.

Appeal from a judgment of the superior court for Snohomish county, Canfield, J., entered February 19, 1910, upon a trial and conviction of practicing dentistry without a license. Reversed.

*John R. Parker* and *Edwin J. Brown*, for appellant.

*Ralph C. Bell*, for respondent.

[1]Reported in 112 Pac. 379.

CHADWICK, J.:—Defendant was brought to trial before a justice of the peace, upon the following complaint:

"George W. Wentworth, being first duly sworn, according to law, says: That at Marysville, in the county of Snohomish, state of Washington, on or about the 15th day of November, 1909, C. W. Hamshaw did practice dentistry without having obtained and filed a license as required by law in the county of Snohomish, state of Washington; the said county at all times mentioned being the place of residence of the said C. W. Hamshaw."

After moving to the jurisdiction of the court and the sufficiency of the complaint, he entered a plea of not guilty, and after a trial and conviction, appealed to the superior court. On January 22, 1910, an order was made by the superior judge, allowing the state to file an amended complaint, and that "the amended complaint should stand for and in place of the original complaint on file herein." The prosecuting attorney filed what purported to be an amended complaint, signed by the same complainant and sworn to before the justice, charging a violation of the dental law; in other words, stating a cause of action. The amended complaint was never filed in the justice court, but was entitled: "In the Justice Court before Noah Shakespeare, Justice of the Peace in and for Everett Precinct, County of Snohomish, State of Washington." The amended complaint was filed as a substitute; or, to use the words of the trial judge, "to stand for and in place of the original complaint." The case came on for trial February 10, 1910, resulting in the conviction of the defendant. A motion for a new trial, setting up the several grounds of the statute, was interposed, and being overruled, the defendant was sentenced to pay a fine of $50 and the costs of the prosecution. From this judgment, defendant has appealed.

We think appellant's objection to the right of the court to proceed in the way it did should have been sustained. There is no provision of the law for amending a criminal complaint. In *State v. Van Cleve*, 5 Wash. 642, 32 Pac.

461, it was held that a criminal pleading could not be amended as to substance.

"The vice of this sort of an amendment is made clear when reference is made to the statute which requires informations to be sworn to, that the defendant shall be arraigned, and that a certain time shall be allowed him to plead. Code Proc., §§ 1231, 1269 and 1271. This information was verified February 27, 1892. At the time it was amended no re-verification was made; no arraignment was had, and no plea was entered."

Our attention has been called to the case of *State v. Bringgold*, 40 Wash. 12, 82 Pac. 132. In that case, however, the case just referred to, as well as the general rule, was not discussed by counsel in the briefs, or by the court in its opinion. In so far as it holds that the superior court has jurisdiction to "allow the complaint to be amended by the filing of a new complaint," it may be considered as overruled. The appeal in such cases is taken, and the case proceeds, *de novo* upon the transcript from the justice court. The statute does not allow, as in civil cases, any amendment to the pleadings. It can be no embarrassment to the superior court or in any way interrupt its procedure, if it is of opinion that the complaint does not charge a crime, or that the defendant should be held for trial, to enter an order of dismissal or order an information filed and, after arraignment and plea, proceed to the trial in an orderly way, thus acquiring jurisdiction in the manner sanctioned by the constitution and the statutes. No man should be held to answer in any court upon a complaint that does not charge a crime, or in a court that has not acquired jurisdiction in a lawful way. The right to arraignment and plea upon a sufficient charge, while perhaps not within the letter of the constitution, is within its spirit, and although the conduct of a defendant may be such that a court will hold the right to be waived (*State v. Quinn*, 56 Wash. 295, 105 Pac. 818; *State v. Straub*, 16 Wash. 111, 47 Pac. 227), it has never

been held that the formality could be dispensed with over the protest of the party charged.

The judgment of the lower court is reversed, and the cause remanded with instructions to dismiss the case.

RUDKIN, C. J., CROW, MORRIS, and DUNBAR, JJ., concur.