[No. 9769. Department Two. December 6, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v.
C. E. McKINNEY, *Appellant*.[1]

CRIMINAL LAW — APPEAL FROM JUSTICE COURT — COMPLAINT — AMENDMENT—HARMLESS ERROR. On appeal from justice court, an order purporting to amend the complaint upon which the accused was tried in justice court, will not be held to deprive the accused of any substantial right, where the complaint had been amended in justice court by agreement before plea thereto, and accused was actually tried on the same charge as in the justice court, and the defendant pleaded not guilty after the so-called amendment.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered January 17, 1911, upon a trial and conviction of assault. Affirmed.

*R. S. Lambert* and *Brown, White & Peringer*, for appellant.

*Frank W. Bixby* and *H. C. Thompson*, for respondent.

CHADWICK, J.—Defendant was convicted in the court below, on December 28, 1910, of assault in the third degree. On July 5, 1911, the court reciting that "this order is made in lieu of and to correct an erroneous order as drawn on the 27th day of December, 1910, said order so drawn not being signed by the court," made and entered an order purporting to amend the complaint theretofore filed in the justice court, and from which an appeal had been taken from a judgment of conviction. The material parts of the order follow:

"Strike the words 'and feloniously' and insert the word 'and' between the words 'wilfully' and unlawfully.' After the word 'assault' in the same line insert the words 'and beat.' Strike the word 'with' and insert in lieu thereof the following, 'by then and there striking and beating him with his hands and;' also by striking the words 'to wit, a police club;' also striking the words 'the said police club being then

[1]Reported in 119 Pac. 179.

and there a thing likely to produce bodily harm' and inserting in lieu thereof 'and a more particular description of which weapon is to this complainant unknown.' It is therefore ordered that the said motion to amend the said complaint herein, or affidavit for arrest, by interlineation is granted and said amendment is made."

Defendant had been charged in the justice court with the crime of assault in the second degree. The transcript of the justice court, which is made a part of the record, recites that defendant, upon being brought to bar and informed of the charge, entered a plea of not guilty, and that later, the case being called for trial, defendant being then present, "by agreement complaint is amended to show defts. true name, C. E. McKinney, and deft. is to be tried on a charge of assault in the third degree." It is now contended that, under the rule announced in the case of *State v. Van Cleve*, 5 Wash. 642, 32 Pac. 461, which was followed in the case of *State v. Hamshaw*, 61 Wash. 390, 112 Pac. 379, because of the order of the superior court allowing an amendment to the complaint, the court lost jurisdiction to proceed and the defendant is entitled to be discharged.

The rule upon which the two cases cited is founded is well sustained in reason, and is supported by the greater weight of authority, and, but for the prior proceeding, would control this case; for the form of the order as quoted is in itself an unanswerable argument in favor of certain and orderly procedure in courts of record. But, as intimated, we think that the objection here goes to matters of form rather than of substance. The amendment was not made in support of a new or different charge, but to make the record conform to the actual proceeding in and the charge upon which defendant had in fact been tried in the justice court. The order of December 27, as evidenced by the order of July 5, was a useless thing, for defendant was actually tried upon the same charge as in the court below. Furthermore, although we do not now decide it to be so, it is likely that the vice

sought to be overcome in the *Van Cleve* and *Hamshaw* cases, that is, the deprivation of the right to make formal plea to a new or amended charge, would not in any event be held to have occurred in the case at bar, for the record shows that defendant pleaded not guilty after the so-called amendment. It is our judgment that defendant has been deprived of no substantial right, and that the judgment of the lower court should be affirmed.

Judgment affirmed.

DUNBAR, C. J., ELLIS, CROW, and MORRIS, JJ., concur.