## WILL BOHANNAN v. STATE.

No. A-1956.   Opinion Filed September 10, 1914.

(142 Pac. 1092.)

1.   **INDICTMENT AND INFORMATION** — Amendment — Time to Plead.   (a) When a trial court sustains an objection to the information on the ground that it fails to state a public offense and permits the filing of a new information, which he holds sufficient, the proceedings should be annulled up to that point, and the accused rearraigned and given time to plead, as required by the statute.

(b)   Under section 5695, Rev. Laws 1910, an information may be amended in matter of substance or form at any time before the defendant pleads, without leave of court.

(c)   After plea an information can only be amended by leave of court, and then only when such amendment can be permitted without material prejudice to the rights of the defendant.

(d)   An information cannot be amended in matter of substance after the jury has been impaneled and sworn to try the cause, and can be amended in matter of form only when it is clear that such amendment can be made without injury to the defendant.

2.   **SAME**—Amendments.   The information is the basis upon which a criminal trial rests, and if a case is called for trial, amendments should not be permitted except in cases of necessity, and then only in strict conformity to the law.

3.   **SAME**—Amendment of Information—Time to Plead.   The filing of a new information is the beginning of a new case, and the accused is always entitled to the statutory time in which to plead. This is a plain statutory essential, and cannot be denied when it is claimed in due time.

(Syllabus by the Court.)

*Appeal from District Court, Okfuskee County;
John Caruthers, Judge.*

Will Bohannan was convicted of burglary, and appeals. Reversed.

*C. B. Conner* and *W. A. Huser,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   The plaintiff in error, Will Bohannan, was convicted at the January, 1913, term of the district court of Okfuskee county on a charge of burglary, and his pun-

ishment fixed at imprisonment in the state penitentiary for a term of two years. This case, after issues were joined, was called for trial, a jury impaneled and sworn, witnesses called and sworn, and the state's first witness put upon the stand, whereupon counsel interposed an objection to the introduction of testimony on the ground that the information did not state facts sufficient to charge a violation of the laws of Oklahoma. The objection was sustained. The court then permitted the county attorney to amend the information by interlineation. Again counsel objected on the same ground. The objection was sustained, and the county attorney given permission to make another amendment, which was made and the objection renewed. Finally the county attorney asked permission to file a new information, which was granted and the information filed, whereupon counsel demanded 24 hours within which to plead. This demand was denied, and the court directed a plea of not guilty to be entered and proceeded with the trial.

If the court's action was proper in sustaining the objection of counsel to the introduction of testimony, and no question is raised on that proposition by the Attorney General, then the demand of the accused for time within which to plead should have been granted. The information is poor enough in its final form.

Section 5695, Rev. Laws 1910, is as follows:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

We have never held that under this section of the statute an information could be amended in matter of substance after a jury had been impaneled and sworn to try the cause, and it cannot be. In a number of cases it has been held that an amendment in matter of form could be made in this manner when it is clear that no injury could result to the accused. *Rollen v. State,* 7 Okla. Cr. 673, 125 Pac. 1087.

In *Pozzini v. State,* 7 Okla. Cr. 692, 126 Pac. 1040, we said:

"* * * If an information is to be amended it should be done before the case goes to trial. It cannot be amended in matter of substance after the impaneling of the jury."

In *Koontz v. State,* 10 Okla. Cr. 553, 139 Pac. 842, discussing a similar proposition, this court said:

"On September 5, 1911, plaintiff in error was arraigned, The next day he entered a plea of not guilty, and was remanded to the custody of the sheriff. The case was set for trial September 11th, coming on for trial on that day; the county attorney obtained leave of court to indorse names of additional witnesses upon the information, and to amend said information by interlineation and by striking out certain words, and dismissing as to defendants Charley Koontz and R. F. Graham. Thereupon the state announced ready, and the defendant refused to answer at this time. A demurrer to the amended information was interposed and overruled. The defendant was not arraigned upon the amended information, and no plea was entered thereon. The case proceeded to trial over the objection of plaintiff in error, on the ground that he, being confined in the county jail, was not served with a copy of the amended information. The objection was overruled, and exception allowed. Plaintiff in error then objected to the impaneling of the jury to try said cause. The jury was impaneled and sworn.

"(1) When the state opened its case, plaintiff in error objected to the introduction of evidence, for the reasons, among others, that the defendant had not been furnished a copy of the amended information; that the defendant was not present in court when the case was called for trial, at which time the court permitted the county attorney to serve a list of the state's witnesses on counsel for plaintiff in error; that the same were not indorsed on the original information, and 'the defendant renews his objection to the impaneling of the jury and to the array thereof for the reasons stated in his affidavit and challenge to the panel, because of the bias and prejudice of R. L. Trammell, sheriff, against this defendant.' The objection was overruled, exception reserved. We think that the action of the court in calling the case for trial before a copy of the amended information was furnished to plaintiff in error constitutes reversible error. The language of section 20 of the Bill of Rights is: 'In all criminal prosecutions the accused * * * shall be in-

formed of the nature and cause of the accusation against him, and have a copy thereof.' "

Under this doctrine the accused was entitled to have a copy of the amended information served upon him and 24 hours within which to plead.

In the case at bar the court went too far in permitting amendments and forcing the accused to proceed with the trial. The plain provisions of the law should be respected, and when the court found that the information was insufficient, the jury should have been discharged, and the cause passed for trial to such time as the statute could be complied with. There is ample authority for the position that the filing of a new information makes a new case, and that the accused is entitled to the statutory time in which to plead. *Turner v. State,* 21 Tex. App. 198, 18 S. W. 96; *Whitesides v. State,* 44 Tex. Cr. R. 410, 71 S. W. 969.

Ordinarily when an information is fatally defective and a new information is filed in proper form, the accused should be arraigned and his formal plea entered, not after a jury has been impaneled and sworn, but as though no proceeding had been had against him. *People v. Clement,* 4 Cal. Unrep. Cas. 493, 35 Pac. 1022; *People v. Moody,* 69 Cal. 184, 10 Pac. 392.

The other errors complained of in the brief are of minor importance. We are of opinion that the instructions of the court were more favorable than the accused was entitled to receive.

For the error in procedure the judgment is reversed, and the cause remanded for a new trial.

DOYLE, J., concurs. FURMAN, J., absent and not participating.