[No. 14298. Department Two. March 22, 1918.]

FRANK EDWARD TRUITT, *Executor etc., Respondent,* v.
MARGARET TRUITT, *Appellant.*[1]

CANCELLATION OF INSTRUMENTS — UNDUE INFLUENCE — EVIDENCE—SUFFICIENCY. Evidence that a grantor, on his deathbed, was weak physically, when he executed a deed to his wife, twelve days before his death, is insufficient to warrant setting it aside, where there was no undue influence, and nothing unnatural in the act, and no evidence that he did not know what he was doing.

DEEDS—VALIDITY—HUSBAND AND WIFE—GOOD FAITH—BURDEN OF PROOF—STATUTES. Rem. Code, § 5292, providing that, where the good faith of any transaction between husband and wife is called in question, the burden of proof shall be upon the party asserting it, has no application to an action by an heir of the grantor to set aside a deed to the grantor's wife, where the deceased had no creditors at the time the deed was made.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered February 3, 1917, in favor of the plaintiff, in an action to cancel a deed, tried to the court. Reversed.

[1]Reported in 171 Pac. 532.

*Gordon & Easterday* and *R. L. Sherrill,* for appellant.

MOUNT, J.—This action was brought by the respondent, in his individual capacity and as executor of his father's estate, to set aside a deed to lot 3, in block 16, South Tacoma addition to Tacoma, upon an allegation as follows:

"That said George Truitt, deceased, was on his death bed at the county hospital, as a pauper, and both physically and mentally incapable of executing the deed, or conveying property, and was induced and coerced by the said defendant, who knew well that he was in such a weak condition physically and mentally that he was incapable of any intelligent action, and plaintiff alleges that if said purported conveyance was ever signed by him, by mark, that it was not in fact, and could not have been by reason of his weak and dying condition, his voluntary act."

Upon this issue, the case was tried to the court without a jury. At the conclusion of the evidence, the court made no findings of fact, but entered a decree setting aside the deed. The defendant has appealed.

It appears that the respondent, Frank Edward Truitt, is the son of the deceased, George Truitt, by a former wife. On the 1st day of July, 1908, George Truitt was married to the appellant, and they lived together thereafter until his death. In 1911, George Truitt made his will, in which his son, Frank, was named as residuary legatee. In the year 1916, Mr. Truitt was very ill and went to the county hospital of Pierce county. While there, on the 24th day of June, 1916, Mr. Truitt executed and delivered to his wife, the appellant, a deed to the lot in question. On the 6th day of July, 1916, he died. Thereafter the respondent, Frank Edward Truitt, was appointed executor of his father's will, and subsequently brought this action.

The record shows that, at the time the deed was executed, George Truitt was a very sick man. He was weak physically, and there is some evidence that he slept a good part of the time, and that, when he talked, he talked with difficulty, and mostly in whispers. There is some evidence to the effect that, at times, he was mentally irresponsible, but there is no evidence that, at the time the deed was signed, he did not know what he was doing. We think the evidence is almost conclusive that he knew what he was doing when he executed the deed. We find no evidence in the record that there was any undue influence brought to bear upon him to cause him to execute the deed. We find nothing in the record to show that there was anything unnatural in the fact that he executed the deed to his wife. So far as the record shows, Mr. Truitt and his wife had lived together happily during the eight years of their married life. It is conceded that Frank Edward Truitt had not seen his father for two years prior to his death. We are at a loss to know upon what the trial court based his conclusion that the deed should be set aside, for, as we have said, there is no evidence of undue influence, and we are satisfied that there is not sufficient evidence in the record to show that Mr. Truitt, at the time he made the deed, did not know the full purport thereof and intend to do what he did.

No appearance has been made on behalf of the respondent, by brief or otherwise, in this court. It is said in the brief of the appellant that the trial court was of the opinion that the case was controlled by Rem. Code, § 5292, which reads as follows:

"In every case where any question arises as to the good faith of any transaction between husband and wife, whether a transaction between them directly or by intervention of third person or persons, the burden of proof shall be upon the party asserting the good faith."

There is nothing in the record to show, and it is not claimed therein, that George Truitt, at the time he made and executed the deed in question, had any creditors, and it is not claimed that the respondent, Frank Edward Truitt, was a creditor of his father. So it is apparent, we think, that this section of the statute has no bearing upon this case. The deceased had a right, no doubt, to dispose of his property as he saw fit. At the time he made this deed, he could have made another will, and that will would certainly have been valid if Mr. Truitt, at that time, was in his right mind and knew what he was about. The question of good faith in making such will could not enter into a contest of the will, because, if the testator knew what he was doing and intended what he did, the will would have been valid. Instead of making a will, he executed a deed, giving this piece of property to his wife. The good faith of the transaction may not be questioned by any person other than a creditor, and since there were no creditors, the question of good faith cannot be made. In the case of *Deering v. Holcomb,* 26 Wash. 588, 67 Pac. 240, 561, we said upon this question, at page 600:

"It is immaterial whether such real estate stands in the name of the husband or wife. The conveyance of such real estate to the wife is not even evidence of fraud. The husband could give his interest in such real estate to the wife, and no one could question the good faith of such a transaction but the creditors of the community. The appellant is not such a creditor, and a transfer of such property is a matter of no concern to him."

See, also, 12 R. C. L., page 513.

So that the only question left in the case is whether Mr. Truitt, at the time he made this deed, was conscious and knew what he was about, for there is no evidence of any undue influence practiced upon him. The respondent alleged in his complaint that, at the time the

deed was made, Mr. Truitt was both physically and mentally incapable of executing the deed or conveying the property. The burden was upon the respondent to show these facts. While there is evidence in the record that Mr. Truitt, the grantor in the deed, was a very sick man at that time and died twelve days after the execution of the deed, and that, at times, he was probably unconscious, there is also evidence of the fact that, at other times, he was perfectly rational, knew what he was doing, and talked intelligently, but with difficulty. There is no evidence that, at the time he executed the deed, he was incapable of executing it, except a mere inference. There is evidence, sufficient, we think, to show that, at the time the deed was executed, he was mentally capable of so doing, and that he understood and intended the purport and effect of it. We are satisfied, therefore, that the trial court erred in setting aside the deed.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

ELLIS, C. J., CHADWICK, and HOLCOMB, JJ., concur.