PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SATURNINO TORRES, Defendant and Appellant.

No. 2398. Argued March 4, 1925.—Decided May 26, 1925.

1. MURDER—INDICTMENT—AMENDMENT.—Amendments of indictments are authorized by section 461 of the Code of Criminal Procedure, if not otherwise.
2. ID.—ID.—ID.—In an indictment for murder an amendment of the surname of the deceased is one of substance. It can not be made at the trial, but only by the grand jury.
3. ID.—ID.—ID.—When the charge is that the defendant killed Donata Díaz, whose correct name was Donata Fontánez, the proposed amendment of the indictment that the victim's name should read "Donata Díaz, known also as Donata Fontánez," still charges the defendant with having killed Donata Díaz, and when the facts are proved a fatal inconsistency is shown.

District Court of Humacao, Pablo Berga, J. Judgment convicting the defendant of murder in the second degree. *Reversed.*

*González Fagundo & González, Jr.,* attorneys for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The information charged the defendant with murder in second degree in having caused the death of Donata Díaz. Over defendant's objections evidence was admitted tending to show that the deceased was Donata Fontánez. At the conclusion of the trial the court permitted an amendment to

the information whereby after the words "Donata Díaz" were inserted the words "known also as Donata Fontánez." There was no evidence tending to show that the deceased was alternately known as charged.

[1] Amendments of indictments in Porto Rico are authorized, if not otherwise then by section 461, Code of Criminal Procedure, as follows:

"Sec. 461. Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

. -Also section 158 recognizes a power of amendment. However, it is clear that there is no authority for amendments in substantial matters.

There are authorities that maintain that the change in a given name is a matter of substance,—*Watts* v. *State,* 99 Md. 30, 57 Atl. 542, and cases; *State* v. *Van Cleve;* 5 Wash. 642, 32 Pac. 461; *State* v. *Mayer,* 76 Oregon, 396, 149 Pac. 84; although when formal changes are to be made there are authorities that indicate that an amendment to correct the given name of a deceased is an amendment of form. *Miller* v. *State,* 68 Miss. 221, 8 So. 273; *State* v. *Tolla,* 7 N.J.L. 515, 62 A. 675, 32 L.R.A. (N.S.), 523; *State* v. *Peterson,* 41 La. 85, 6 So. 527. We find no case where an amendment of the surname was permitted. On the contrary, wrongly to describe the deceased or the owners of stolen property, etc., is a mistake of substance.

[2] The courts are,. if anything, a bit more rigorous in cases where an indictment is presented by a grand jury. Then, in the absence of a statute, no amendments may be made in the indictment except by the grand jury. *People* v. *Anthony,* 20 Cal. App. 590. Conceding, but not definitely holding, that section 461 of the Code of Criminal Procedure was applicable after the enactment in 1919 of the

Grand Jury Act in Porto Rico, nevertheless we are constrained to hold that the amendment here made was one of substance. *People* v. *Anthony, supra,* and cases.

[3] Perhaps if a showing had been made that the deceased was generally only known by her given name, a somewhat stronger case would have been presented, but even then the information should have attempted to set up this state of facts and not misdescribe the deceased. A defendant is entitled accurately to know the human being whose death he is charged to have caused.

In the instant case, as pointed out, there was no evidence that Donata Díaz was known as Donata Fontánez as described in the amended information. There was no successful showing that defendant had been instrumental in killing Donata Díaz. We abstain from expressing any opinion as to the effect of a new accusation by a grand jury, as we do not wish to prejudge questions that may arise.

The *fiscal* of this court joins in asking a reversal. There was a failure of proof; the judgment must be reversed and the defendant discharged.