[No. 3472-1.    Division One.    March 8, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE J. HANSEN, *Appellant*.

*Duane S. Radliff*, for appellant.

*Christopher T. Bayley, Prosecuting Attorney*, and *Diane Geiger, Deputy*, for respondent.

JAMES, J.—George Hansen was convicted by a jury of driving while under the influence of intoxicants, RCW 46.61.515. He asserts two reasons why we should reverse or, in the alternative, award him a new trial. First, he contends that the jury was misled by instructions into believing that he could be convicted without a showing that his intoxication caused him to operate his motor vehicle in an erratic manner. Second, he argues that the jury was prejudiced by the prosecutor's introduction, during Hansen's cross-examination, of evidence of crimes unrelated to credibility. We affirm.

Hansen was arrested by a State Patrol officer on the evening of December 21, 1973. At trial, an eyewitness for the State testified that he had seen defendant swerve and

sideswipe a car parked along the side of the road. He stated that no other vehicles were present at the time, that Hansen attempted to drive away but could not because the right front fender of his truck was smashed back against the wheel, that Hansen asked him to help pull the fender off the wheel, and that Hansen was unable to walk very well and spoke in a slurred manner.

The arresting officer testified that when he arrived, Hansen appeared unsteady, that there was a strong odor of intoxicants coming from him, and that his speech was thick-tongued and his eyes were watery and bloodshot. He had Hansen perform several physical tests and Hansen's performance was poor. The officer administered a Breathalyzer test and the result was 0.20 percent of blood alcohol by weight.

Hansen testified in his own behalf, admitting that he had consumed intoxicants that evening, but stating that he was not intoxicated. He said he swerved to avoid an oncoming car, thereby colliding with the parked car. On cross-examination, he admitted over objection that he had been convicted previously of driving while intoxicated.

Hansen's first contention is that driving while intoxicated is not a crime unless one also drives erratically. However, this is not the law. RCW 46.61.515 provides in pertinent part:

> (1) Every person who is convicted of a violation of (a) driving a motor vehicle while under the influence of intoxicating liquor . . . *which renders the driver incapable of safely driving a motor vehicle* shall be punished . . .

(Italics ours.)

> The phrase "under the influence of intoxicating liquor," . . . has been defined as *any influence which lessens in any appreciable degree the ability of the accused to handle his automobile. Smith v. Baker,* 14 Cal. App. (2d) 10, 57 P. (2d) 960; *Luellen v. State,* 64 Okla. Crim. 382, 81 P. (2d) 323.

(Italics ours.) *State v. Hurd,* 5 Wn.2d 308, 315, 105 P.2d 59 (1940).

The jury was instructed as follows with respect to Hansen's driving ability:

A person is deemed to be under the influence of or affected by intoxicating liquor if such person's ability to handle a motor vehicle is lessened in any appreciable degree.

Instruction No. 7.

The law recognizes that a person may have drunk liquor and yet, not be under the influence of it.

It is not enough to prove hereby that a driver had taken liquor.

Instruction No. 9. The jury was instructed properly in the language of the law and the instructions made it clear that driving with alcohol in the blood does not, of itself, constitute driving under the influence. The jury found that Hansen was driving while under the influence of an intoxicant and there is substantial evidence to support that conclusion.

Second, Hansen argues that evidence of two prior convictions for driving while intoxicated elicited on his cross-examination by the State was prejudicial. This argument is contrary to the holding of *Mercer Island v. Walker*, 76 Wn.2d 607, 458 P.2d 274 (1969). We therefore affirm.

FARRIS and SWANSON, JJ., concur.