[No. 4314–2–III.   Division Three.   June 3, 1982.]

THE TOWN OF TWISP, *Respondent,* v. METHOW VALLEY IRRIGATION DISTRICT, *Appellant.*

*Patrick J. Morrissey* and *Morrissey & Sloan,* for appellant.

*John L. Reeder,* for respondent.

MUNSON, J.—The Methow Valley Irrigation District appeals a judgment holding certain property owned by the Town of Twisp to be exempt from irrigation assessments. We affirm.

The District acquired the real property in question upon the nonpayment of irrigation assessments. *See* RCW 87.03-.315–.370. In 1945, the District conveyed the property to a third party. The conveying deed included language which exempted the land from future assessments by the Irrigation District, stating in part:

> It is specifically provided, however, that this instrument shall not be deemed to convey, and it does not convey, any water rights or interest in water or water rights appurtenant to or for the benefit of said land, either by or through the facilities of the party of the first part or otherwise.

In 1946, the third party deeded portions of this property to the Town of Twisp with the same nonliability language. The District also sold some land directly to the Town, the deeds containing similar provisions. Beginning in 1977 and through 1979, the District made assessments for operation and maintenance against the Town of Twisp for the property. The Town failed to pay the assessments and the District proceeded to sell for nonpayment. The Town challenged the sale.

The various deeds were introduced as exhibits; no testimony was introduced; and the matter was submitted after

argument by counsel. The trial court concluded the District "had legal and lawful right to execute and to deliver the [deeds] and acted within [its] lawful authority". The assessments were declared unlawfully levied and the District was restrained and enjoined from further proceedings in connection with the sale of the property and from future levy of assessments. The Town having paid the assessments under protest was entitled to a return of that amount plus interest.

The District contends the trial court erred in finding the District equitably estopped from asserting assessments because the action was ultra vires. Equitable estoppel would not apply against a governmental entity if the acts of that entity were ultra vires. *Finch v. Matthews*, 74 Wn.2d 161, 443 P.2d 833 (1968); *Rel v. Douglas Cy. Civil Serv. Comm'n*, 20 Wn. App. 764, 581 P.2d 1090 (1978).

The basis of the District's contention of an ultra vires act is the failure of its former board of directors to comply with those statutes relating to the change of boundaries in effect at the time of the conveyance.

Two aspects of the statutory scheme then extant are relevant here. RCW 87.03.750, .755 (Rem. Rev. Stat. §§ 7505-1, 7505-2) provided that where the district held all its bonds, parcels of land could be excluded from the district upon unanimous vote of the district board of directors.

RCW 87.03.645-.685 (Rem. Rev. Stat. §§ 7486-94) authorized exclusion of lands from the district where bonds were outstanding; the board of directors could, upon petition and after public notice and hearing, vote to exclude a parcel if it was in the best interests of the district. However, bondholders were required to assent in writing, and if objections were forthcoming from bondholders, an election was required; property could then be excluded upon majority vote.

It is clear the District could only remove the land from the District, by sale or otherwise, via board resolution and

public notice.[1] *See* Laws of 1939, ch. 171, § 4, p. 504, codified as Rem. Rev. Stat. § 7445; *see also* RCW 87.03.325. *State ex rel. Clancy v. Columbia Irrig. Dist.,* 121 Wash. 79, 208 P. 27 (1922).

■ However, the only evidence before this court is an executed deed. While there is no evidence showing compliance with these statutory requirements, there also is no evidence showing noncompliance. The one challenging the validity of a deed bears the burden of proof. *Truitt v. Truitt,* 100 Wash. 608, 171 P. 532 (1918). The District, as challenger, has failed its burden to demonstrate the act was ultra vires, even though the District is in the best position to produce its minutes or other records tending to show noncompliance. Put simply, the statutes admit the possibility the property was transferred properly. To show the deeds were ultra vires, the District had the burden of proving noncompliance with the statute. Since there is no evidence before the court, it has failed that burden.

Judgment affirmed.

McINTURFF, C.J., and ROE, J., concur.

---

[1]Authority allowing sale without notice expired in 1935. *See Washington Nat'l Inv. Co. v. Grandview Irrig. Dist.,* 175 Wash. 644, 28 P.2d 114 (1933).