[No. 4505–6–III.   Division Three.   December 9, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. GLEN LEON MELCHER, *Appellant.*

*Steven Lacy,* for appellant.

*E. R. Whitmore, Jr., Prosecuting Attorney,* and *James E. Freeley, Deputy,* for respondent.

MUNSON, J.—Glen Leon Melcher was stopped May 24, 1980, at 4:20 p.m., 15 miles west of Leavenworth, Washington, for driving erratically. Mr. Melcher failed to adequately perform physical tests and, at approximately 6 p.m., was given a Breathalyzer test. The test result was ".20 plus." He was convicted of drunk driving in Chelan County District Court, sought de novo review in superior court,[1] and now appeals his superior court conviction.

Prior to and during the superior court trial, Mr. Melcher challenged RCW 46.61.502(1) on constitutional grounds. The trial court rejected Mr. Melcher's challenges and found him guilty of driving while under the influence. He was given 180 days in jail with 150 suspended, a $300 fine, his driver's license was suspended for 60 days, and he was ordered to attend an alcohol treatment program. His appeal

---

[1]The offense occurred prior to the effective date of RCW 3.02 and RALJ 1–11 and thus review in superior court was de novo rather than an appeal.

raises only constitutional issues concerning RCW 46.61.502[2] and RCW 46.61.506(3).[3]

▮ Initially, we note that where legislation tends to promote the health, safety, morals or welfare of the public and the legislation bears a reasonable and substantial relation to that purpose, every presumption will be indulged in favor of constitutionality. *Duckworth v. Bonney Lk.*, 91 Wn.2d 19, 586 P.2d 860 (1978). The challenging party must prove beyond a reasonable doubt the challenged statute is unconstitutional. *Sator v. Department of Rev.*, 89 Wn.2d 338, 346, 572 P.2d 1094 (1977).

Mr. Melcher first asserts RCW 46.61.502(1) violates constitutional guaranties of due process by failing to give fair notice of proscribed conduct. He contends it is virtually impossible for an individual to ascertain when his blood alcohol level reaches 0.10 percent. This argument was answered adversely to his contention in *State v. Franco*, 96 Wn.2d 816, 824–25, 639 P.2d 1320 (1982).

Mr. Melcher next contends RCW 46.61.506(3) unlawfully

---

[2]RCW 46.61.502:

"A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle within this state while:

"(1) He has 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, or other bodily substance made under RCW 46.61.506 as now or hereafter amended; or

"(2) He is under the influence of or affected by intoxicating liquor or any drug; or

"(3) He is under the combined influence of or affected by intoxicating liquor and any drug.

"The fact that any person charged with a violation of this section is or has been entitled to use such drug under the laws of this state shall not constitute a defense against any charge of violating this section."

[3]RCW 46.61.506(3):

"(3) Chemical analysis of the person's blood or breath to be considered valid under the provisions of this section or RCW 46.61.502 or 46.61.504 shall have been performed according to methods approved by the state toxicologist and by an individual possessing a valid permit issued by the state toxicologist for this purpose. The state toxicologist is directed to approve satisfactory techniques or methods, to supervise the examination of individuals to ascertain their qualifications and competence to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the state toxicologist."

delegates legislative power without necessary procedural safeguards, *i.e.*, the law incorrectly allows the state toxicologist to approve techniques or methods of chemical analysis. Mr. Melcher correctly cites *Barry & Barry, Inc. v. Department of Motor Vehicles,* 81 Wn.2d 155, 164, 500 P.2d 540 (1972) for the proposition that

> adequate procedural safeguards must be provided, in regard to the procedure for promulgation of the rules and for testing the constitutionality of the rules after promulgation.

There are four answers to Mr. Melcher's contention.

■ First, nothing in the record indicates this argument was raised at trial. The record shows RCW 46.61.502 was challenged, but does not refer to RCW 46.61.506. An argument not raised at trial is deemed waived. *Brown v. Safeway Stores, Inc.,* 94 Wn.2d 359, 617 P.2d 704 (1980).

■ Second, nothing in the record shows any administrative rules were promulgated without the required compliance with the public notice provisions of RCW 34.04.025 (Mr. Melcher is apparently referring to WAC 448–12 and WAC 448–14). An alleged error, without basis in the record, is deemed waived. *Puget Sound Plywood, Inc. v. Mester,* 86 Wn.2d 135, 542 P.2d 756 (1975); *Twisp v. Methow Vly. Irrig. Dist.,* 32 Wn. App. 132, 646 P.2d 149 (1982).

■■ Third, while Mr. Melcher asserts the procedures were adopted without providing for judicial testing, case law indicates otherwise. *See, e.g., Seattle v. Rainwater,* 86 Wn.2d 567, 546 P.2d 450 (1976); *State v. Moore,* 79 Wn.2d 51, 483 P.2d 630 (1971); *Bremerton v. Osborne,* 66 Wn.2d 281, 401 P.2d 973 (1965). Moreover, the testing procedure involved has been thoroughly reviewed by our Supreme Court and found to be very accurate. *Seattle v. Rainwater, supra; State v. Baker,* 56 Wn.2d 846, 355 P.2d 806 (1960). Defendants have been able to challenge both the testing procedure and the competence of the testing person. *State v. Franco, supra* at 828.

*Barry & Barry, Inc. v. Department of Motor Vehicles, supra,* represented a shift from basing review solely on

whether adequate standards of delegation exist to whether adequate procedural safeguards exist to prevent arbitrary agency action. *Yakima Cy. Clean Air Auth. v. Glascam Builders, Inc.,* 85 Wn.2d 255, 262, 534 P.2d 33 (1975) (Finley, J., concurring). Since *Barry,* the Supreme Court has consistently upheld agency rules where RCW 34.04 provided either notice prior to enactment or some means to review the decision. *Northwest Gillnetters Ass'n v. Sandison,* 95 Wn.2d 638, 628 P.2d 800 (1981) (review under RCW 34.04); *State v. Bryan,* 93 Wn.2d 177, 606 P.2d 1228 (1980) (legislative review by statute); *State v. Crown Zellerbach Corp.,* 92 Wn.2d 894, 602 P.2d 1172 (1979) (review under RCW 34.04); *McDonald v. Hogness,* 92 Wn.2d 431, 598 P.2d 707 (1979) (judicial review); *Polygon Corp. v. Seattle,* 90 Wn.2d 59, 578 P.2d 1309 (1978) (statutory framework and judicial review); *Yakima Cy. Clean Air Auth. v. Glascam Builders, Inc., supra* (hearing and judicial review); *Washington State Sch. Directors Ass'n v. Department of Labor & Indus.,* 82 Wn.2d 367, 510 P.2d 818 (1973) (statutory review and RCW 34.04). *Contra, In re Powell,* 92 Wn.2d 882, 602 P.2d 711 (1979) (wherein the court held that because the rules promulgated involved felonies, emergency promulgation without notice and hearing did not meet the *Barry* test).

Fourth, the challenged delegation is not legislative, it is administrative. It does not delegate the power to make a law; rather, it delegates the "'power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend.'" *Carstens v. DeSellem,* 82 Wash. 643, 650, 144 P. 934 (1914), citing from *Locke's Appeal,* 72 Pa. 491 (1873). By defining the crime (legislation) and delegating to the state toxicologist the duty of establishing measurement procedures (administration), the statute is not open to attack for unconstitutional delegation of legislative power. *Caffall Bros. Forest Prods., Inc. v. State,* 79 Wn.2d 223, 484 P.2d 912 (1971); *Shoreline Sch. Dist. 412 v. Taxpayers of Shoreline Sch. Dist. 412,* 52 Wn.2d 849, 329 P.2d 829 (1958).

Mr. Melcher next argues that RCW 46.61.502(2) and (3) are "void for vagueness." Citing *Bellevue v. Miller,* 85 Wn.2d 539, 536 P.2d 603 (1975), Mr. Melcher argues the statute does not convey a reasonably ascertainable standard of guilt to the ordinary person and allows for arbitrary enforcement because the term "under the influence of or affected by intoxicating liquor or any drug" is vague.

*State v. Franco, supra* at 825, answered this contention when it held fair notice is provided to the average person that he is "affected" when his physical and mental condition is impaired. Mr. Melcher seems to be arguing, however, there is a level of slight impairment which is legal and only impairment beyond this level meets the statutory test. *State v. Hurd,* 5 Wn.2d 308, 105 P.2d 59 (1940) approved an instruction which stated a person is under the influence when there is:

> an *abnormal mental or physical condition due to the influence* of alcoholic liquors, a visible impairment of the judgment or a derangement, or impairment of mental or physical functions or energies arising therefrom,"

*State v. Hurd, supra* at 316. *State v. Franco, supra,* cites *State v. Hansen,* 15 Wn. App. 95, 546 P.2d 1242 (1976), wherein the court stated a driver is under the influence when he is incapable of safely driving a motor vehicle.[4] Moreover, the 1979 Legislature amended RCW 46.61.506 to read:

> [I]f the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of his blood, breath, or other bodily substance is less than 0.10 percent

---

[4]Mr. Melcher argues the statutory language relied upon in *State v. Hansen, supra,* is no longer applicable because it was deleted from RCW 46.61.515 in 1979. See Laws of 1979, 1st Ex. Sess., ch. 176, § 6, p. 1633. We disagree. *State v. Hansen, supra,* adopted a common law definition noted in *State v. Hurd, supra,* which still applies.

by weight of alcohol in the person's blood, it is evidence that may be considered with other competent evidence in determining whether the person was under the influence of intoxicating liquor or any drug.

The amendment eliminated the previous presumptions,[5] *see Republic v. Brown,* 97 Wn.2d 915, 652 P.2d 955 (1982), and permitted the introduction of any reading lower than 0.10 percent which may be considered in conjunction with other evidence of impairment. Thus, the combination of any evidence may be sufficient to convict a defendant of violating RCW 46.61.502(2) or (3).

As the facts of this case show, a stop was made only after the state trooper noted the erratic movement of Mr. Melcher's car. Then, after observing Mr. Melcher, the officer believed Mr. Melcher was under the influence and administered a Breathalyzer test. *See State v. White,* 97 Wn.2d 92, 99, 640 P.2d 1061 (1982). As noted in *State v. Franco, supra,* it is not illegal to drink and drive; it is illegal to drink to the point it affects driving. Therefore, the statute does not allow arbitrary enforcement.

---

[5]The former RCW 46.61.506(2)(a)–(c) read as follows:

"(2) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of his blood, breath or other bodily substance shall give rise to the following presumptions:

"(a) If there was at that time 0.05 per cent or less by weight of alcohol in the person's blood, it shall be presumed that he was not under the influence of intoxicating liquor.

"(b) If there was at that time in excess of 0.05 per cent but less than 0.10 per cent by weight of alcohol in the person's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining whether the person was under the influence of intoxicating liquor.

"(c) If there was at that time 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that he was under the influence of intoxicating liquor." Laws of 1969, ch. 1, § 3, p. 5 (Initiative 242, § 3).

The conviction is affirmed.

McINTURFF, C.J., and ROE, J., concur.