

**FILE**
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE **FEB 1 6 2017**

~~Fairhurst, CJ~~
**CHIEF JUSTICE**

This opinion was filed for record

at \_\_**8:00**\_\_ on **Feb 16, 2017**

~~Susan L. Carlson~~
**SUSAN L. CARLSON**
**SUPREME COURT CLERK**

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| DEBORAH PERALTA, | ) | |
| | ) | |
| Petitioner, | ) | No. 92675-1 |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| STATE OF WASHINGTON and | ) | |
| WASHINGTON STATE PATROL, | ) | Filed **FEB 1 6 2017** |
| | ) | |
| Respondents. | ) | |
| | ) | |

WIGGINS, J.—We are asked to review the trial court's ruling that plaintiff Deborah Peralta's admission during pretrial discovery should be given conclusive effect. Peralta admitted without qualification to being "under the influence of intoxicating liquors" at the time she was struck and injured by a Washington State Patrol car. We hold that her admission in this context was unambiguous and that the trial court did not abuse its discretion when it ruled she was bound by her admission. The jury instruction incorporating this ruling was appropriate. Even if the meaning of Peralta's admission was ambiguous, the trial court did not abuse its discretion on holding Peralta to a reasonable interpretation of the admission. As a result, we reverse the Court of Appeals on this point. We do not address the other evidentiary errors

identified by the Court of Appeals, but instead remand them to the Court of Appeals for a determination of prejudice.

## FACTS

### I.    Factual History

One evening, plaintiff Peralta was drinking beer with a neighbor in a downtown Vancouver tavern. Later in the evening, Peralta rode with a friend to a party.

After an argument at the party, Peralta left on foot, became lost, and called her brother Jorge Peralta. She told him she had been drinking and asked for a ride home.[1] After several unsuccessful efforts to meet her brother, Peralta mistook an approaching car for her brother's car. She stepped in front of the car, which was driven by Washington State Patrol Sergeant Ryan Tanner.[2] Sergeant Tanner did not see Peralta in time to stop and struck her with his vehicle. Realizing that he had struck someone, Sergeant Tanner called for backup and medical assistance; responding officers indicated Peralta smelled like alcohol when they were giving her assistance at the scene of the accident. Peralta suffered serious injuries and was hospitalized.

### II.    Procedural History

To recover damages arising from her injuries after the accident, Peralta sued the State and Washington State Patrol (collectively WSP). In its answer, WSP pleaded

---

[1] In a hospital interview with an investigator, Peralta indicated she had been drinking and wanted a designated driver to take her home that evening because she did not feel comfortable driving.

[2] Sergeant Tanner was on his way to respond to a request for backup at a traffic stop.

an affirmative defense under RCW 5.40.060 (the intoxication defense statute), which provides a complete defense to an action for damages for personal injury when (1) the person injured was "under the influence of intoxicating liquor" at the time of the accident, (2) the person's intoxication was a proximate cause of his or her injuries, and (3) the person injured was more than 50 percent at fault. The statute also provides that the standard for proving an individual was under the influence is the same standard established by RCW 46.61.502 (the DUI statute[3]). Under the DUI statute, there are at least two relevant ways of proving intoxication under these facts: subsection (1)(a), a blood alcohol content of 0.08, or subsection (1)(c), driving a vehicle while under the influence of intoxicating liquors.

During discovery, WSP sent Peralta a request to admit or deny that "at the time of the collision that is the subject of this lawsuit, Deborah Peralta was under the influence of intoxicating liquors." Peralta responded, "Plaintiff admits." At trial, WSP moved for a ruling that Peralta's admission conclusively established that she was under the influence of intoxicating liquors. Peralta objected to the motion and stated that her admission to being under the influence did not meet the standard for being under the influence under the intoxication defense statute. The trial court ultimately ruled that Peralta was bound by her admission and that the fact that she was intoxicated at the time of the injury was conclusively established.

The trial court incorporated this ruling into jury instruction 20, which stated in relevant part:

---

[3] Driving under the influence statute.

3

> To establish the defense that the person injured was under the influence, the defendant has the burden of proving each of the following propositions:
>
> First, that the person injured was under the influence of alcohol at the time of the occurrence causing the injury. *Plaintiff admits this element.*
>
> . . . .

Clerk's Papers at 363 (emphasis added). The jury found that Peralta's intoxication was a proximate cause of her injuries and that she was more than 50 percent at fault. As a result, the trial court dismissed Peralta's personal injury claim with prejudice. Peralta appealed to the Court of Appeals, Division Two.

The Court of Appeals, Division Two, overturned the trial court's decision on the effect of Peralta's admission. *See Peralta v. State*, 191 Wn. App. 931, 949, 366 P.3d 45 (2015). The court concluded that Peralta's admission did not satisfy the standard for intoxication under the intoxication defense statute. *Id.* at 948-49. It further concluded that this error was harmful because the jury was not allowed to consider the testimony of Peralta's friend that Peralta did not appear intoxicated the night of the accident. *Id.* The Court of Appeals also concluded that jury instruction 20 was error and harmful for the same reasons. *Id.* at 949. The Court of Appeals identified three other evidentiary errors but did not decide whether these errors were prejudicial to Peralta. *Id.* at 951-54.

Both Peralta and WSP appealed the Court of Appeals' decision. Peralta appealed the Court of Appeals' decision to remand for a new trial; Peralta argued she should have judgment for her proportionate share of the damages found by the jury. We denied Peralta's petition for review. WSP cross petitioned to overturn the Court of

Appeals' determination that Peralta's admission did not satisfy the required proof for intoxication under the intoxication defense statute. This court granted review of WSP's cross petition.

## STANDARD OF REVIEW

"The standard of review for evidentiary rulings made by the trial court is abuse of discretion." *City of Spokane v. Neff*, 152 Wn.2d 85, 91, 93 P.3d 158 (2004).[4] We will reverse a trial court's evidentiary ruling "'only when no reasonable person would take the view adopted by the trial court.'" *State v. Ellis*, 136 Wn.2d 498, 504, 963 P.2d 843 (1998) (quoting *State v. Castellanos*, 132 Wn.2d 94, 97, 935 P.2d 1353 (1997)).

We recognize that the trial court's ruling establishing the conclusive effect of Peralta's admission also made its way into the jury instruction. We review jury instructions de novo. *See State v. Johnson*, 180 Wn.2d 295, 301, 325 P.3d 135 (2014).

## ANALYSIS

I.      Admission Ruling Not an Abuse of Discretion

We hold that the trial court did not abuse its discretion when it found that Peralta's admission satisfied the standard for intoxication under the intoxication

---

[4] We note that the Court of Appeals applied a de novo standard of review to this case. *See Peralta*, 191 Wn. App. at 945. We disagree with the Court of Appeals' conclusion that the meaning of Peralta's admission was a question of law or an application of the law to the facts. *See id.* Instead, the trial court was interpreting Peralta's admission made during discovery, and thus its decision was a discovery or evidentiary ruling. Since the trial court's ruling treated the fact of Peralta's intoxication as established, we treat the appeal as one dealing with an evidentiary ruling. Whether we consider the trial court's action an evidentiary or discovery ruling, the appropriate standard is abuse of discretion. *See Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 694, 295 P.3d 239 (2013) ("We review a trial court's discovery orders for abuse of discretion.").

defense statute. In context, the meaning of Peralta's admission was not ambiguous. We thus hold that the trial court did not abuse its discretion when it ruled that Peralta admitted she was intoxicated for purposes of the intoxication defense statute. Nor was it error to incorporate this ruling into jury instruction 20.

Even if we treat Peralta's admission as ambiguous, the trial court still did not abuse its discretion when it gave the admission conclusive effect. CR 36 governs requests for admissions and the answers to them. The rule required Peralta to qualify her answer to reflect her intention to admit that she was under the influence to a degree less than the statutory standard. Otherwise, her admission to being under the influence was conclusively established unless she moved to amend or withdraw her admission. Peralta neither qualified nor moved to withdraw or amend her admission.

A.    The Purpose of CR 36

CR 36(a) permits parties to serve requests for admissions to opposing parties to establish the truth of "statements or opinions of fact or of the application of law to fact." The purpose of CR 36 "is to eliminate from controversy factual matters that will not be disputed at trial." *Thompson v. King Feed & Nutrition Serv., Inc.*, 153 Wn.2d 447, 460, 105 P.3d 378 (2005) (plurality opinion). The greatest benefit of CR 36 admissions is trial efficiency:

Such admissions

> "promote both efficiency and economy in resolving disputes. If a point is conceded, litigants need not expend effort in investigations concerning it nor incur expense in presenting evidence to prove it. Judicial administration is also aided. Admissions reduce the time required to try a case. Indeed, they often make summary judgment possible. Finally, admissions encourage litigants to evaluate

6

realistically the hazards of trial, and thus tend to promote settlements."

*Lakes v. von der Mehden*, 117 Wn. App. 212, 218, 70 P.3d 154 (2003) (quoting 8A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2252, at 522 (2d ed. 1994)).

CR 36 places relatively few requirements on parties requesting admissions. It requires requesting parties merely to attach relevant documents to their request, and to separately set forth each matter they seek admitted. CR 36(a). In contrast, the rule places several requirements on responding parties regarding when and how they must respond to requests. Of particular interest here, the rule states, "[W]hen good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, the party *shall* specify so much of it as is true and qualify or deny the remainder." *Id.* (emphasis added).

Under CR 36, matters admitted are "conclusively established *unless* the court on motion permits withdrawal or amendment." CR 36(b) (emphasis added); *see also* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 471 (2002) (defining "conclusive" as "putting an end to debate or question esp[ecially] by reason of irrefutability").

B.    The Standard for Intoxication under RCW 5.40.060, the Intoxication Defense Statute

We now turn to the intoxication defense statute, the affirmative defense pleaded by WSP and to which Peralta's admission was applied. The intoxication defense statute provides a complete defense to an action for personal injury when the person

7

injured "was under the influence of intoxicating liquor" at the time of the injury.[5] RCW 5.40.060. To determine if an individual was "under the influence of intoxicating liquor," the intoxication defense statute incorporates by reference the definition of "under the influence of intoxicating liquor or drugs" in RCW 46.61.502, the DUI statute. RCW 5.40.060(1). Under the facts here, the DUI statute defines "under the influence of intoxicating liquor" in two ways: subsection (1)(a), a blood alcohol concentration of at least 0.08 within two hours of driving, or subsection (1)(c), driving a vehicle while "under the influence of or affected by intoxicating liquor." RCW 46.61.502. The parties focus on the meaning of the latter definition.

On first review, the standard under RCW 46.61.502(1)(c) appears tautological:

> A person is guilty of driving while under the influence of intoxicating liquor, marijuana, or any drug if the person drives a vehicle within this state:
>
>    . . . .
>
>    . . . While the person is under the influence of or affected by intoxicating liquor, marijuana, or any drug . . . .

Literally read, the statute says driving under the influence of intoxicants means driving under the influence of intoxicants. But we have given substance to subsection (1)(c) through case law. In *State v. Hurd*, we recognized that "[t]he phrase 'under the influence of intoxicating liquor' . . . has been defined as any influence which lessens in any appreciable degree the ability of the accused to handle his automobile."

---

[5] The defense also requires the injured person's intoxication to be a proximate cause of the injury and the injured person to be more than 50 percent at fault. RCW 5.40.060(1). Neither of those two elements are at issue in this court, but may be at issue on remand to the Court of Appeals.

5 Wn.2d 308, 315, 105 P.2d 59 (1940). We did not explicitly adopt that definition in *Hurd*, instead noting that "'so far as this case is concerned [the phrase] means an *abnormal mental or physical condition due to the influence* of alcoholic liquors, a visible impairment of the judgment or a derangement, or impairment of mental or physical functions or energies arising therefrom.'" *Id.* at 316.

In subsequent case law, we adopted a definition that closely resembled our language in *Hurd*:

> "For the purposes of this case, the defendant may be said to have been either 'under the influence of' or 'affected by' intoxicating liquor, if, at the time of the alleged unlawful operation of his automobile, evidence beyond a reasonable doubt establishes that intoxicating liquor has so far affected his nervous system, brain, or muscles, so as to impair, to an appreciable degree, his ability to operate his car in the manner that an ordinary prudent and cautious man, in the full possession of his faculties, using reasonable care, would operate or drive a similar vehicle under like circumstances."

*State v. Engstrom*, 79 Wn.2d 469, 474, 487 P.2d 205 (1971) (quoting jury instruction). A similar definition of "under the influence" may be found in our Court of Appeals' jurisprudence. *See, e.g., State v. Arndt*, 179 Wn. App. 373, 386, 320 P.3d 104 (2014) ("In Washington, a person is under the influence of or affected by the use of intoxicating liquor 'if the person's *ability to drive a motor vehicle* is lessened in any appreciable degree.'" (emphasis added) (quoting 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 92.10, at 286 (3d ed. 2008) (since withdrawn)). There is also a comparable definition in 6 *Washington Practice: Washington Pattern Jury Instructions: Civil* 16.04 (6th ed. 2012): "A person is under the influence of [alcohol] . . . if, as a result of using [alcohol] . . . , the person's ability

9

to act as a reasonably careful person under the same or similar circumstances is lessened in any appreciable degree." (First and third alteration in original.)

In the present case, the trial court instructed the jury with a definition of "under the influence" resembling the civil pattern instruction. The instruction, proposed by Peralta, stated, "A person is under the influence of alcohol if, as a result of using alcohol, the person's ability to act as a reasonably careful person under the same or similar circumstances is lessened in any appreciable degree." Thus, the definition of "under the influence" in the present case corresponds to the standard under RCW 46.61.502(1)(c).

## C.  Admission Was Not Ambiguous

With this background, we determine if the trial court abused its discretion with regard to Peralta's admission. When determining whether the trial court abused its discretion, we must decide whether Peralta's admission to being under the influence is ambiguous. We conclude that her admission was not ambiguous. In making this determination, it is crucial to consider the admission's context. *See, e.g.*, *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 457, 210 P.3d 297 (2009) (emphasizing the importance of analyzing the context of a statute when examining the ambiguity of statutory language). When considering the context of Peralta's admission, we conclude the meaning of Peralta's admission was not ambiguous for two reasons.

First, the request for admission is clearly related to WSP's defense; the language in the request for admission mirrors the language in the intoxication defense statute. It is also nearly identical to the language of the DUI statute. WSP was not required to use the specific language Peralta insists on, which would have specified

the legal ramifications of the admission. *See State v. Leach*, 113 Wn.2d 679, 695-96, 782 P.2d 552 (1989) (rejecting an argument that a charging document violated due process when it listed the offense charged as "'DWI,'" the acronym for "'Driving While Intoxicated,'" instead of listing the charge as "'driving while under the influence of intoxicating liquor or any drug'"). As the trial court stated, "[W]e've got [a] request for admissions propounded by highly trained counsel, responded to by highly trained counsel[,] and intoxication was pleaded as an affirmative defense. . . . I believe that she ought to be bound by her admission that she's under the influence."

Second, the purpose of WSP's request for admission was for its affirmative defense, not to establish another concept that had no legal significance. WSP notified Peralta of its intent to use the intoxication defense statute as an affirmative defense in its answer to her complaint. Peralta's response to WSP's request for admission was under the direction of highly trained legal counsel who should have known the full legal effect of the admission: namely, the effect that her unqualified admission would be conclusively established unless she moved to withdraw or amend it. *See* CR 36(b). When holding other parties' admissions conclusive, other courts have propounded a similar rationale:

> "[An answer to a request for admission is] a studied response, made under sanctions against easy denials. . . . [R]equests for admission . . . are normally made under the direction and supervision of counsel, who has full professional realization of their significance. Therefore, . . . their effect [should not be reduced] from conclusive admissions to merely evidential ones."

*Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund*, 850 F.2d 1028, 1036 (3d Cir. 1988) (emphasis omitted) (quoting *McSparran v. Hanigan*, 225 F. Supp.

628, 636-37 (E.D. Pa. 1963)). This result is consistent with the language of CR 36. Because Peralta's admission to being under the influence was not ambiguous in this context, we conclude that the trial court did not abuse its discretion by ruling that Peralta was bound by her admission.[6] Because we hold that the trial court did not abuse its discretion regarding Peralta's admission, the trial court also did not err when it gave jury instruction 20 reflecting this fact. For these reasons, we reverse the Court of Appeals.[7]

D.     If Admission Was Ambiguous

For the reasons stated above, Peralta's admission was not ambiguous in this context. Yet, we recognize that both Peralta and WSP advance reasonable interpretations of the phrase "under the influence." Even if we treat Peralta's admission as ambiguous, we conclude the trial court still did not abuse its discretion when it gave conclusive effect to Peralta's admission.

---

[6] We note without comment that WSP offered substantial evidence supporting its intoxication defense. The jury agreed that Peralta's intoxication was a proximate cause of her injuries and that she was more than 50 percent at fault. No party challenges the admission as completely lacking evidentiary support.

[7] Peralta now argues that jury instruction 21, which explained the standard for being under the influence, combined with jury instruction 20, may have misled the jury into believing that Peralta admitted she was negligent. However, Peralta did not object to jury instruction 21 at trial. We will generally consider a claimed error in a jury instruction only if the appellant raised the issue at trial. *See Trueaux v. Ernst Home Ctr., Inc.*, 124 Wn.2d 334, 339, 878 P.2d 1208 (1994). Therefore, these arguments are not well taken and we do not consider them.

1.    Two Approaches to Interpreting Ambiguous Admissions

When applying CR 36, state and federal courts[8] are split in their handling of "ambiguous" admissions.[9] There are two main approaches. The first approach deems all admissions as establishing all possible reasonable interpretations, unless the admitting party successfully moves the court to withdraw or amend the admission. *See, e.g., Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 173 (4th Cir. 2005) ("[O]nce a matter that is properly [the] subject of an admission under [Federal Rule of Civil Procedure] 36(b) has been admitted during discovery, the district court is not free to disregard that admission."); *Commonwealth Enters. v. Liberty Mut. Ins. Co.*, 1996 WL 660869, at *4 (9th Cir. Nov. 13, 1996) (unpublished) ("A matter admitted under [Federal Rule of Civil Procedure] 36 is conclusively established unless withdrawn. . . . Evidence inconsistent with a Rule 36 admission is properly excluded." (citations omitted)); *Airco Indus. Gases*, 850 F.2d at 1036 ("'A judicial admission, deliberately drafted by counsel for the express purpose of limiting and defining the facts in issue, is traditionally regarded as conclusive, and an admission under [Federal Rule of Civil Procedure] 36 falls into this category.'" (quoting 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2264, at 742-43 (2d ed. 1982))).

The second approach does not consider admissions to be conclusively established when they are subject to more than one reasonable interpretation. *See,*

---

[8] Federal Rule of Civil Procedure 36 is nearly identical to our state rule, CR 36. *See* Fed. R. Civ. P. 36. Therefore, we find federal case law persuasive on this point.

*e.g.*, *Driscoll v. Dennis*, 513 F. App'x 702, 705 (10th Cir. 2013) ("But because these requests for admissions were compound and ambiguous, we 'regard the admission as limited in practical effect.' . . . [W]e cannot conclude the district court was required to treat the admissions as conclusively establishing Mrs. Driscoll's ownership." (quoting *Dixon v. Kirkpatrick*, 553 F.3d 1294, 1303 (10th Cir. 2009))); *Johnson v. DeSoto County Bd. of Comm'rs*, 204 F.3d 1335, 1339-41 (11th Cir. 2000) (concluding that a trial court did not abuse its discretion when it limited the effect of an admission because "at the very least, ambiguity did exist about whether the admissions were absolute or limited"); *Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 64 F.3d 1202, 1210 (8th Cir. 1995) ("The conclusive effect envisioned by the rule may not be appropriate where requests for admissions or the responses to them are subject to more than one interpretation."). Instead, the effect of the admission is submitted for decision by the jury.

2.      The Trial Court's Approach

In this case, the trial court did not abuse its discretion when it treated Peralta's admission as establishing all reasonable interpretations of the phrase "under the influence." Peralta admitted without qualification that she was "under the influence of intoxicating liquors." Peralta believed that she needed to admit influence because she

---

[9] Peralta does not concede that her admission was ambiguous. *See* Wash. Supreme Court oral argument, *Peralta v. State et al.*, No. 93506-2 (Nov. 15, 2016), at 20 min., 18 sec. to 20 min., 25 sec., *audio recording by* TVW, Washington State's Public Affairs Network, http://www.tvw.org.

had consumed alcohol.[10] Peralta's counsel argued to the trial court, "So we can't truthfully ethically answer a question, were you under the influence, if we have any alcohol in our system as no. We have to say yes. . . ." However, since Peralta wished to admit influence only to a specific degree, CR 36 required her to qualify her admission to reflect this idea. *See* CR 36(a) (stating "when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, the party *shall* specify so much of it as is true and qualify or deny the remainder" (emphasis added)). She failed to make such a qualification.

Without qualification, her admission to being under the influence was "conclusively established" unless she moved to withdraw or amend her admission. CR 36(b) ("Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."). Peralta never so moved. Counsel for Peralta offers no reason why, once it was clear that the trial court intended to treat her admission as conclusively establishing the fact of intoxication under the intoxication defense statute, she did not move to amend or withdraw her admission.[11] Since she did not move to withdraw or amend her

---

[10] This contention appears to be without support in our case law. *See Hurd*, 5 Wn.2d at 316 ("'*The law recognizes that a person may have drunk liquor and yet not be under the influence of it.*'" (quoting court's instruction).

[11] At oral argument, Peralta's counsel stated, "That option [to withdraw or amend] wasn't given to us." Wash. Supreme Court oral argument, *supra*, at 21 min., 33 sec. But the record reflects that counsel rejected the option to amend or withdraw the admission at trial. WSP speculated that Peralta did not wish to pay for potential costs associated with her admission under CR 37(a). *See* Wash. Supreme Court oral argument, *supra*, at 5 min., 47 sec. to 6 min., 8 sec. Whatever the

admission, we conclude that the trial court did not abuse its discretion when it ruled that Peralta's admission satisfied the standard under the intoxication defense statute.

## II.    Other Evidentiary Issues

While the Court of Appeals based its reversal of the trial court on the request for admissions issue, it also held that the trial court made several erroneous rulings[12] without deciding their possible prejudicial effect. *Peralta*, 191 Wn. App. at 948-53. These issues are not adequately briefed to us, nor does our order granting review encompass whether these rulings were prejudicial. We granted review of WSP's cross petition. In its cross petition, WSP asked this court to reverse the Court of Appeals because Peralta's admission satisfied the first element of RCW 5.40.060. WSP did not petition for review of the other evidentiary issues, and neither did Peralta. Thus, review of these other evidentiary issues is outside the scope of review. We remand the remaining issues back to the Court of Appeals for a determination of prejudice to Peralta. *See* RAP 13.7(b) ("If the Supreme Court reverses a decision of the Court of Appeals that did not consider all of the issues raised which might support that decision, the Supreme Court will either consider and decide those issues or remand the case to the Court of Appeals to decide those issues.").

---

reason, Peralta chose not to move to amend or withdraw her admission to reflect the fact that she did not intend to admit intoxication under the intoxication defense statute.

[12] These errors included (1) excluding Sergeant Roy Rhine's and Detective David Ortner's deposition testimonies, (2) excluding eyewitness hearsay statements, and (3) compelling Peralta to disclose the identity of her consulting expert. *Peralta*, 191 Wn. App. at 951-54.

CONCLUSION

We hold that the trial court did not abuse its discretion in ruling that Peralta's admission satisfied the standard for intoxication under the intoxication defense statute and accordingly reverse the Court of Appeals. The corresponding jury instruction was not given in error. The meaning of Peralta's admission was not ambiguous in this context. Even if we treat Peralta's admission as ambiguous, the trial court still did not abuse its discretion. Under CR 36(a), Peralta was required to qualify her admission if she wished to limit its legal effect. Without qualification, CR 36(b) required Peralta to move to amend or withdraw her admission if she wanted to avoid its conclusive effect. She never made such a motion. We remand to the Court of Appeals the remaining evidentiary errors identified by the Court of Appeals for determination of whether the errors prejudiced Peralta, as they are outside the scope of our review, and for further proceedings, if any, consistent with this opinion.

_Wiggins, J._

WE CONCUR.

_Fairhurst, C.J._

_Johnson, J._

_Owens, J._

_Madsen, J._

_Stephens, J._

_González, J._

_Gordon McCloud, J._

_Yu, J._