**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 79792-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MADISON ANTHONY NIELSEN, | ) | |
| | ) | PUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Madison Nielsen appeals his conviction of attempted unlawful possession of a firearm in the first degree. He argues that the jury instructions given by the trial court failed to instruct the jury that the State needed to prove that Nielsen had the intent to unlawfully possess a firearm. Because the to-convict instruction included both elements of the crime of attempt, and the instructions also correctly defined the underlying crime of unlawful possession of a firearm, we disagree.

Nielsen also argues, and the State concedes, that the judgment and sentence erroneously specifies that the maximum sentence of the crime is 10 years.

We affirm Nielsen's conviction, and remand for the trial court to correct the error in the judgment and sentence and in the no-contact order.

I.

On July 2, 2018, Lee Stallman, the owner of Fall City Firearms, was working when Nielsen and a woman entered the store and asked about the requirements and processes for purchasing a firearm. Because Nielsen was unsure if he was eligible to purchase a firearm, Stallman gave him the business card of an organization that restores firearm rights. King County Sheriff's Deputy Scott Allen then entered the store and began talking to Nielsen. Deputy Allen was aware of Nielsen's prior criminal history, and told Nielsen "you're not supposed to be around firearms. You're a convicted felon." Nielsen disagreed, responding that he was allowed to be around firearms because it had been more than seven years since his last felony conviction. Deputy Allen disagreed and told Nielsen he needed to have a judge restore his right to be around firearms. Deputy Allen warned Nielsen three more times that he should leave the store, and that he should not be handling any firearms. Nielsen told Deputy Allen that he was helping the woman with him purchase a firearm. Deputy Allen ultimately left the premises.

After Deputy Allen left, Stallman showed Nielsen a couple of handguns and a couple of rifles that Nielsen asked to see. Nielson decided to purchase a Ruger AR-556 semi-automatic rifle. Stallman gave Nielsen the federal background check form required for all firearm transactions. The form stated: "the information you provide will be used to determine whether you are prohibited from receiving a firearm." When Nielsen slid the form over to the woman who was with him, Stallman objected. Stallman testified that as he believed Nielsen was the true purchaser, he recognized this action as a straw purchase, in which someone tries to buy a weapon without having their name

-2-

on the paperwork. Stallman would not allow them to purchase the gun and refused to participate in the transaction. Nielsen began filling out the form before saying "I'm not going to do this." Although Nielsen wanted to take the form with him, Stallman insisted on retaining the form per store policy.

Nielsen then offered to have the woman come back tomorrow and purchase the Ruger. After Stallman declined that type of sale, Nielsen offered to have his brother come in and buy the Ruger over the weekend. Stallman again declined to participate in that type of sale. Nielsen continued objecting and getting "a little bit mad." Stallman made it clear that he would not make the sale, and Nielsen and the woman left. Stallman then called Deputy Allen and informed him what had happened because Stallman had overheard him mention "felony" in his conversation with Nielsen.

Nielsen was charged with one count of attempted unlawful possession of a firearm in the first degree. At trial, Nielsen stipulated that he was convicted of a serious offense in 2012 and had received notice that he was ineligible to possess a firearm.

The jury convicted Nielsen as charged. The court imposed a prison based Drug Offender Sentencing Alternative (DOSA) sentence of 15.75 months in custody and 15.75 months of community custody. The court's judgment and sentence specifies that the crime carries a maximum sentence of 10 years, and the court ordered that Nielsen have no contact with Stallman or Fall City Firearms for 10 years. Nielsen appeals.

II.

Nielsen first argues that the trial court's to-convict instruction failed to inform the jury that it must find that Nielsen intended to unlawfully possess a firearm, rather than he intended only to simply possess a firearm. We disagree.

-3-

We review jury instructions de novo. Peralta v. State, 187 Wn.2d 888, 895, 389 P.3d 596 (2017). Reviewing courts evaluate challenged instructions within the context of the instructions as a whole. State v. Pirtle, 127 Wn.2d 628, 656, 904 P.2d 245 (1995). The jury instructions "must inform the jury that the State bears the burden of proving every essential element of a criminal offense beyond a reasonable doubt." Pirtle, 127 Wn.2d at 656.

A to-convict instruction must contain all of the essential elements of the crime because it serves as a "yardstick" for the jury to measure innocence or guilt. State v. Smith, 131 Wn.2d 258, 263, 930 P.2d 917 (1997). The crime of attempt contains two essential elements the State has to prove to secure a conviction: (1) intent to commit a specific crime and (2) any act constituting a substantial step toward the commission of that crime. State v. Nelson, 191 Wn.2d 61, 71, 419 P.3d 410 (2018). A to-convict instruction for an attempt crime need not provide all the elements of the crime attempted. State v. DeRyke, 149 Wn.2d 906, 910-11, 73 P.3d 1000 (2003). "If the basic charge is an attempt to commit a crime, a separate elements instruction must be given delineating the elements of that crime." WPIC 100.02; DeRyke, 149 Wn.2d at 911.

The to-convict instruction provided by the trial court relied on Washington Pattern Jury Instruction (WPIC) 100.2[1], and identified the elements of attempt:

> To convict the defendant of the crime of Attempted Unlawful Possession
> of a Firearm in the first degree, each of the following elements of the crime
> must be proved beyond a reasonable doubt:

---

[1] 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 100.2 (4th ed. 2016) (WPIC).

(1) That on or about July 2, 2018, the defendant did an act that was a substantial step toward the commission of unlawful possession of a firearm in the first degree;

(2) That the act was done with the intent to commit Unlawful Possession of a Firearm in the First Degree; and

(3) That the act occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any of these elements, then it will be your duty to return a verdict of not guilty.

The jury was also provided the definition of the underlying offense of unlawful possession of a firearm in the first degree, following WPIC 133.01;

A person commits the crime of unlawful possession of a firearm in the first degree when he has previously been convicted of a serious offense and knowingly owns or knowingly has in his possession or control any firearm.

The to-convict instruction contains all of the essential elements of the crime of attempt and the underlying offense was correctly defined in a separate instruction. Indeed, Nielsen concedes that the instructions "might appear sufficient under DeRyke because it stated the two elements of attempt: a substantial step and intent to commit the base crime." Nielson's concession is correct.

Nielsen continues, however, by asserting that the to-convict instruction also needs to inform the jury that the State needed to prove that Nielsen had the specific intent to "unlawfully possess a firearm, not just possess a firearm." In essence, Nielsen is asking for the instructions to include an element of the crime of unlawful possession of a firearm that simply does not exist. There are two elements of the crime of unlawful

possession of a firearm: (1) the person knowingly possesses a firearm, (2) after having been previously convicted of a serious offense. RCW 9.41.040(1). The crime of unlawful possession of a firearm does not require that the defendant have actual knowledge of the illegality of firearm possession. State v. Minor, 162 Wn.2d 796, 802, 174 P.3d 1162 (2008).

By arguing that he is entitled to an instruction on his unlawful intent, Nielsen is asking for an instruction that adds an additional element to the crime of attempt or unlawful possession of a firearm. He conceded that he committed a prior serious offense, which made his possession of a firearm illegal. Nielsen asks this court to add a third step to the analysis of the crime of attempt, which would require the State to prove that (1) Nielsen had the intent to knowingly possess a firearm, (2) he took a substantial step, and (3) Nielsen knew that it was illegal for him to possess a firearm. There is no case law to support this interpretation.

Nielsen instead attempts to analogize unlawful possession of a firearm with sex crimes, relying primarily on DeRyke and State v. Johnson, 173 Wn.2d 895, 270 P.3d 591 (2012). In DeRyke, our Supreme Court explained that to be convicted of attempted rape in the first degree, the State must prove both the intent to have sexual intercourse (which is not itself criminal conduct), and that the defendant intended the intercourse occur by forcible compulsion. DeRyke, 149 Wn.2d at 913. Similarly, in Johnson, the Supreme Court explained that for attempted child rape, the State must prove both the intent to have sexual intercourse and that the defendant intended the intercourse be with either a child, or that the defendant believe the victim is a child. Johnson, 173 Wn.2d at 908.

Nielsen argues by analogy, that because possession of a firearm, like sexual intercourse, is itself not criminal conduct, to prove attempted unlawful possession of a firearm, the State must prove the intent to possess a firearm and that the defendant intended the possession be unlawful. Nielsen's analogy is wrong. The aggravating circumstance that elevates sexual intercourse to the crime of rape in the first degree is that the sexual intercourse be by forcible compulsion. The aggravating circumstance that elevates sexual intercourse to the crime of child rape is that the sexual intercourse be with a child, or believed child. By analogy, the aggravating circumstance that elevates possession of a firearm to the crime of unlawful possession of a firearm is that the possession be by someone previously convicted of a serious crime. RCW 9.41.040(1).

The jury instructions did not diminish the State's burden of proof.

We affirm Nielsen's conviction.

### III.

Nielsen argues next, and the State concedes, that the judgment and sentence erroneously states that the maximum sentence of attempted unlawful possession of a firearm is 10 years, and that the no-contact order is also incorrectly set for 10 years. We agree.

The court may impose no-contact orders as part of a sentence. State v. Armendariz, 160 Wn.2d 106, 119, 156 P.3d 201 (2007). The no-contact order may not exceed the statutory maximum of the crime. Armendariz, 160 Wn.2d at 120. A judgment and sentencing is invalid on its face when the court imposes a sentence

beyond that statutory maximum.  In re Pers. Restraint of Tobin, 165 Wn.2d 172, 175-76, 196 P.3d 670 (2008).

First degree unlawful firearm possession is a class B felony, carrying a statutory maximum of 10 years.  RCW 9A.20.021(1)(b).  An attempt to commit a crime when the crime attempted is a class B felony is a class C felony.  RCW 9A.28.020(3)(c).  The statutory maximum for a class C felony is five years.  RCW 9A.20.021(1)(c).

Here, the court incorrectly stated that attempted unlawful possession of a firearm carries a maximum sentence of 10 years.  As a result, the no-contact order that the court imposed on Nielsen, preventing his contact with Stallman and Fall City Firearms, was for 10 years.  Because the maximum sentence for attempted unlawful possession of a firearm is in fact five years, both the judgment and sentence and the no-contact order are incorrect.

We affirm Nielsen's conviction.  We remand to the trial court to correct the judgment and sentence and the no-contact order.

_Mann, C.J._

WE CONCUR:

_Brunner, J_     _Leach, J._