IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON

          Respondent,

    v.

TAYLOR JACOB NORTON,

          Appellant.

No. 87879-4-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Taylor Norton appeals the felony judgement and sentence entered after he pleaded guilty to 23 crimes, including identity theft in the second degree. For ten counts of identity theft in the second degree, the court imposed a sentence of 57 months of confinement followed by 12 months of community custody. The court also imposed a no-contact order for a maximum term of 10 years for named victims of Norton's crimes. Norton argues that the judgment and sentence contains three errors; the State concedes all three.

First, Norton argues that the combined term of confinement and community custody for the identity theft in the second-degree convictions, class C felonies, exceeds the statutory maximum term of confinement. Second-degree identity theft is a class C felony, RCW 9.35.020(3), and the statutory maximum term of confinement for class C felonies is 60 months, RCW 9A.20.021(1)(c). The court's combined sentence of 57 months of confinement followed by 12 months of community custody exceeds the statutory maximum by nine months. Norton's term of community custody must be

reduced to three months to bring the combined term to the statutory maximum. *See* RCW 9.94A.701(10) (providing that the term of community custody shall be reduced when, combined with the term of confinement, it exceeds the statutory maximum).

Second, Norton argues that the 10-year no-contact term in paragraph 4.5 of the judgment and sentence exceeded the statutory maximum as to named victims Mehgan Sichel, Stephen Sichel, Leonil Lelis and Patrick Bello. Those four individuals were victims of Norton's class C felonies, which carry a statutory maximum of five years. RCW 9A.20.021(1)(c). A no-contact order may not exceed the statutory maximum of the crime. *State v. Nielsen*, 14 Wn. App. 2d 466, 453, 471 P.3d 257 (2020). The no-contact term as to these four individuals must be reduced to five years.

Last, Norton notes that the judgment and sentence incorrectly states in paragraph 2.4 that the maximum term and fine for second-degree identity theft is 10 years and $20,000. The correct maximum term and fine is five years and $10,000. RCW 9.35.020(3); RCW 9A.20.021(1)(c). The judgment and sentence must be corrected accordingly.

We accept the State's concessions and remand to the superior court solely to correct the identified errors in the judgment and sentence.

FOR THE COURT:

Díaz, J.

Bni, J.

, ACJ